# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH J. RANIELI,** | : | No. 3:19cv1176 |
| **Plaintiff** | : | |
| v. | : | (Judge Munley) |
| | : | |
| **STATE FARM** | : | |
| **INSURANCE COMPANY,** | : | |
| **Defendant** | : | |

## **MEMORANDUM**

Before the court for disposition is Defendant State Farm Mutual Automobile Insurance Company's (hereinafter "defendant") motion to dismiss portions of plaintiff's complaint. The parties have briefed their respective positions, and the matter is ripe for disposition.

**Background**

Plaintiff Joseph J. Ranieli was operating a motor vehicle in a southerly direction on Main Street, Dupont, Luzerne County, Pennsylvania on July 27, 2009. (Doc. 1-1 ¶¶ 4, 7). His automobile was rear-ended while stopped at a red traffic light by an automobile driven by Eugene Anderson. (Id. ¶¶ 8-9).

The accident caused plaintiff to suffer, *inter alia*, the following injuries: cervical disc disease, cervical facet syndrome, cervical strain, disc bulge with superimposed disc protrusions, lumbar strain, headaches, anxiety and depression. (Id. ¶ 10).

Plaintiff had an automobile insurance policy issue through Defendant State Farm Insurance. Plaintiff sought underinsured motorist benefit under the policy seeking the policy limits, but the defendant denied the claim. Plaintiff then filed the instant complaint, asserting the following causes of action against the defendant: 1) Breach of Contract, (Doc. 1-1, ¶¶ 16 – 23); and 2) Bad Faith pursuant to 42 PA. CONS. STAT. ANN. § 8371. (Id. ¶¶ 24 – 29). The breach of contract cause of action seeks compensatory damages, punitive damages, interest, cost of suit and attorney's fees. (Id. foll. ¶ 23). The bad faith claim seeks the same damages. (Id. foll. ¶ 29). Defendant has moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the bad faith claim and the claim for attorney's fees and punitive damages in the breach of contract count. The parties have briefed their respective positions, bringing the case to its present posture.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. Plaintiff is a citizen of Pennsylvania. (Doc. 1, Notice of Removal ¶ 2). Defendant State Farm is incorporated under the laws of the State of Illinois with its principal place of business in Bloomington, Illinois. (Id. ¶ 8). Thus, defendant is a citizen of Illinois. (Id. ¶ 9). Additionally, the amount in controversy exceeds $75,000. (Id. ¶ 11). Because complete diversity of citizenship exists among the

parties and the amount in controversy exceeds $75,000, the court has jurisdiction over this case. See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]"); 28 U.S.C. § 1441 (A defendant can generally move a state court civil action to federal court if the federal court would have had original jurisdiction to address the matter pursuant to the diversity jurisdiction statute). As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tomkins, 304 U.S. 64, 78 (1938)).

**Legal Standard**

Defendant filed its motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will

3

reveal evidence of' [each] necessary element" of the claims alleged in the complaint.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation."  Id. at 234-35.  In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level."  McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

4

Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 555).

**Discussion**

As noted above, defendant seeks dismissal of two aspects of the complaint. First, it seeks the dismissal of the bad faith claim and second it seeks the dismissal of certain damages sought under the breach of contract claim. We will address these issues in turn.

**I. Bad Faith**

The second count of plaintiff's complaint asserts a bad faith cause of action against the defendant. The Pennsylvania Bad Faith Statute authorizes recovery for an insurance company's bad faith towards an insured. 42 PA. CONS. STAT. ANN. § 8371. It provides for several remedies upon a finding of bad faith: (1) an award of "interest on the amount of the claim" at a rate equal to "the prime rate of

5

interest plus 3%"; (2) an award of "punitive damages against the insurer"; and/or (3) an assessment of "court costs and attorney fees against the insurer." Pennsylvania courts have adopted the following definition of "bad faith" on the part of an insurer:

> [A]ny frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

Perkins v. State Farm Ins. Co., 589 F. Supp. 2d 559, 562 (M.D. Pa. 2008) (citing Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994) (quoting Black's Law Dictionary 139 (6th ed. 1990)) (citations omitted); see also Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005) (predicting the Pennsylvania Supreme Court would define "bad faith" according to the definition set forth in Terletsky).

The United States Court of Appeals for the Third Circuit has adopted the legal standard established by the Pennsylvania Superior Court for testing the sufficiency of bad faith claims under section 8371, "both elements of which must be supported with clear and convincing evidence: (1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997) (citing Terletsky, 649 A.2d at 688).

Defendant argues that here, plaintiff has merely pled conclusory, boilerplate allegations of bad faith with no factual support. Such conclusory allegations are insufficient to meet the pleading standard according to the defendant. After a careful review of the plaintiff's complaint, we disagree.

Plaintiff's complaint pleads facts indicating that defendant's actions were unreasonable. Plaintiff alleges that he was injured in an automobile accident that was covered by the insurance policy. He further asserts that he made a claim for benefits under the policy and defendant was dilatory and abusive in the handling of the claim. (Doc. 1-1, ¶ 25(a)). Plaintiff additionally claims that defendant failed to reasonably and adequately investigate the claim and failed to reasonably evaluate or review the medical documents and/or photographs which were in its possession. (Id. ¶ 25(g) - (h)). Defendant failed to make an honest, intelligent and objective settlement offer. (Id. ¶ 25(m)). The defendant, thus, compelled plaintiff to file suit and engage in litigation, when a reasonable evaluation of the claim would have avoided suit. (Id. ¶ 25(l)). Moreover, the defendant failed to follow its own manual with regard to the evaluation and payment of benefits- and even failed to pay the undisputed amount owed. (Id. ¶¶ 25(r), 25(s)).

We find that these allegations of bad faith are sufficiently specific to survive a motion to dismiss. Accordingly, the motion to dismiss this portion of plaintiff's complaint will be denied.

## II. Breach of contract damages

The first cause of action in the complaint is breach of contract. The breach of contract cause of action seeks compensatory damages, punitive damages, interest, cost of suit and attorney's fees. (Doc. 1-1, Compl. foll. ¶ 23). Defendant moves to dismiss the demand for attorney's fees and punitive damages under the breach of contract claim because such damages are not available for a breach of contract. Plaintiff agrees that he cannot recover attorney's fees or punitive damages in a breach of contract action. (Doc. 5, Response to Def.'s Mot. to Dismiss ¶ 21). Accordingly, this portion of the motion to dismiss will be granted as unopposed.

## Conclusion

For the reasons set forth above, we find that the plaintiff has sufficiently pled a bad faith claim. Thus, the motion to dismiss that claim will be denied. The plaintiff agrees with the defendant's motion to dismiss the punitive damages and attorney's fees demand in the breach of contract claim. We will grant that portion of the motion as unopposed. An appropriate order follows.

**BY THE COURT:**

**Date: <u>Nov. 19, 2019</u>**         **s/ James M. Munley**
                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**